**IN THE SUPERIOR COURT OF GUAM:**

| | |
|---|---|
| DOYLE LAMONT PERRY,<br><br>                       Petitioner,<br><br>vs.<br><br>PEOPLE OF GUAM,<br><br>                       Respondent. | Special Proceedings Case No. SP0074-21<br><br>**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on April 23, 2024 for a motion hearing on Petitioner Doyle Lamont Perry's ("Petitioner's") Amended Petition for Writ of Habeas Corpus and Memorandum in Support of Petition for Writ of Habeas Corpus (Nov. 21, 2024). Assistant Alternate Public Defender Tyler R. Scott ("Scott") appeared for Doyle Lamont Perry ("Petitioner"). Deputy Attorney General Nathan Tennyson ("Tennyson") appeared for the People of Guam ("Respondent"). Based on the relevant law and authorities, the Court now issues the following decision and order **DENYING** Petitioner's Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

A Writ of Habeus Corpus is used to bring a prisoner or other detainee before the court to determine if the person's imprisonment or detention is lawful.[1] In this case, Petitioner was first detained for a trial court proceeding in Criminal Case No. CF00230-06. Petitioner then appealed

---

[1] *See, e.g. Knowles v. Mirzayance* 556 U.S. 111 (2009); *Felker v. Turpin* 518 U.S. 1051 (1996); and *McCleskey v. Zant* 499 U.S. 467 (1991).

his conviction in Guam Supreme Court Case CRA07-006. After losing his appeal, Petitioner filed his first Habeas Writ before the Superior Court in Special Proceeding No. SP0022-19. After that Writ was denied for Petitioner's failure to demonstrate ineffective assistance of counsel, Petitioner filed a second Habeas Writ before this Court in Special Proceeding No. SP0074-21.

## I. Trial Court Proceedings in Criminal Case No. CF00230-06.

On May 26, 2006, Petitioner was pulled over by a police officer from the Guam Police Department ("GPD") because his headlights were not illuminated. Am. Pet. for Writ of Habeas Corpus & Mem. in Supp. Of Pet. for Writ of Habeas Corpus, filed under seal, at 2 (Nov. 21, 2023). Although Petitioner exhibited signs of intoxication, he passed a field sobriety test. *Id.* The officer recommended that the Petitioner park his car, and followed Petitioner to a nearby Mobil gas station. *Id.* After their encounter, the same police officer later reported to the scene of a rape and assault, where the victim identified her attacker as a large black man. *Id.* The police officer believed this description matched Petitioner's appearance and an investigation commenced. *Id.* The police officer returned to the Mobil gas station and located a used condom. *Id.* Naval Criminal Investigative Service ("NCIS") agents searched the USS Frank Cable, the ship where Petitioner was stationed, and found a pair of boxer shorts in a trash bin. *Id.* The condom and boxer shorts were submitted for DNA testing. *Id.* at 3.

On June 7, 2006, Petitioner was indicted on six charges: (1) three counts of First Degree Criminal Sexual Conduct ("CSC"); (2) three counts of Second Degree CSC; (3) three counts of Third Degree CSC; (4) Assault with Intent to Commit CSC; (5) Aggravated Assault, and (6) Terrorizing. Indict. (June 7, 2006).

On June 29, 2006, the Court held a hearing on a People's Motion to Compel DNA Testing. Min. Entry at 4:36:00 PM (June. 29, 2006). Attorney Stephen Hattori, Petitioner's

counsel ("Trial Counsel"), indicated that they did not object to a request from Prosecution for blood and hair samples from Petitioner, as long as they were taken in a manner prescribed by the Constitution. *Id.* at 4:36:38 PM. Trial Counsel reserved the right to move for the appointment of an expert to conduct their own DNA testing. *Id.* at 4:37:14 PM. Petitioner also asserted his right to a speedy trial. *Id.* Trial Counsel reserved the right to move for the appointment of an expert to conduct their own DNA testing. *Id.* at 4:39:04 PM. The trial court noted that processing of the DNA sample could delay the trial. *Id.*

On July 19, 2006, the Court held a hearing on a Motion to Compel Discovery. Min. Entry at 3:42:58 PM (Sept. 20, 2006). The Prosecution noted that the DNA results had not been returned and that the People were willing to go to trial without that evidence. *Id.* at 3:43:32 PM. Prosecution indicated that Petitioner could opt to wait for the DNA evidence if he considered it as exculpatory. *Id.* at 3:44:28 PM. Trial Counsel insisted that the DNA evidence be provided within a speedy trial time frame, and if the Government had it available, that it be provided. *Id.* at 3:50:08 PM. The trial court reminded Trial Counsel that Guam did not have a forensic lab and that the samples needed to be flown out. *Id.* at 3:50:38 PM. Although Trial Counsel acknowledged this was the case, he also reiterated Petitioner's right to a speedy trial. *Id.* at 3:51:11 PM. Trial Counsel also indicated that the DNA evidence may be beneficial to him, however, the DNA evidence results were taking longer than they would like, and the Petitioner wished to proceed to trial. *Id.* at 3:55:15 PM. The trial court stated that if the DNA evidence came in during trial, either side would have the opportunity to bring it in, subject to a *Daubert*[2] hearing. *Id.*

---

[2] A *Daubert* hearing allows the parties to examine an expert witness in court to evaluate whether the expert's testimony is admissible.

On August 1, 2006, the Court held a Motion Hearing where the trial court indicated that the DNA results had been returned. Min. Entry at 3:15:04 PM (Aug. 1, 2006). The DNA sample taken from the condom matched the DNA profile of the victim. *Id.* at 4:46:45 PM. The DNA samples taken from the boxers matched the DNA profiles of the victim, Petitioner, and an unknown contributor. *Id.* Trial Counsel moved to exclude the DNA evidence, claiming surprise. *Id.* at 4:28:14 PM. Trial Counsel did not seek a continuance to secure a DNA expert. *Id.* Prosecution stated it would be moving for admission of the DNA evidence. *Id.* at 4:28:48 PM. The trial court determined that the introduction of the DNA evidence was not a surprise as Trial Counsel was aware that there would potentially be DNA evidence as Petitioner agreed to give samples for testing. *Id.* at 4:33:13 PM. Trial Counsel requested to speak to the expert witness prior to his testimony, which the Prosecution agreed to. *Id.* Although a meeting between Trial Counsel and the expert does not appear in the formal record, the People of Guam state that based on the available record, it is reasonable to speculate that such meeting did occur. Answer to Am. Pet. for Writ of Habeas Corpus at 3 (Feb. 29, 2024). Jury selection commenced two days after the DNA results returned and trial started the day after. Amended Pet. for Writ of Habeas Corpus and Mem. in Support of Petition for Writ of Habeas Corpus at 4 (Nov. 21, 2023).

On August 9, 2006, a *Daubert* hearing for the DNA expert, Dr. Tim Kalafut, was held on the third day of the jury trial. Min. Entry at 9:43:04 AM (Aug. 9, 2006). Trial Counsel discussed the DNA evidence and cross-examined Dr. Kalafut. *Id.* at 9:49:08 AM. The trial court ruled that Dr. Kalafut was an expert in the scientific, technical, and specialized knowledge of DNA analysis. *Id.* The trial court denied Trial Counsel's motion to exclude DNA evidence from the victim, which was based on the fact that an Asian population was not used

in the DNA analysis, and that there was no way of knowing what the probability is that a person from an Asian population had the same genetic profile as the victim. *Id.* at 11:50:58 AM. The trial court held that Trial Counsel should raise this issue before the jury. *Id.* On the same day, Dr. Kalafut was called as a witness at trial where Trial Counsel questioned him on several matters that could undermine his credibility as a witness. Answer to Am. Pet. for Writ of Habeas Corpus at 3 (Feb. 29, 2024) at 4-5.

Following trial, a jury found Petitioner guilty of all charges and counts. Judgment (Nov. 13, 2007). The Court sentenced Petitioner to serve 51 years on November 13, 2007. *Id.* at 5.

## II. Appeal to the Supreme Court of Guam in CRA07-006.

On November 21, 2007, Petitioner appealed to the Supreme Court of Guam arguing that the trial court committed error in its final jury instructions. Notice of Appeal (Nov. 21, 2007). The Supreme Court ruled that although the trial court committed clear error, the error did not affect Petitioner's substantial rights and affirmed the verdict. *See People v. Perry*, 2009 Guam 24.

## III. First Petition for Writ of Habeas Corpus in Special Proceedings No. SP0022-19.

On January 31, 2019, Petitioner filed, *pro se*, his first Petition for Writ of Habeas Corpus, in the Superior Court of Guam, challenging his conviction in CF0230-06. Pet. for Writ of Habeas Corpus (Jan. 31, 2019). Petitioner alleged multiple claims of error: (1) His lawyer did not request exculpatory evidence and was unaware of possible exculpatory evidence; (2) NCIS agents mishandled evidence; (3) His lawyer failed to object to clearly erroneous jury instructions. *Id.* The court denied his Petition. Dec. & Order Re Pet. for Writ of Habeas Corpus (Feb. 28, 2019).

**IV. Second Petition for Writ of Habeas Corpus in Special Proceedings No. SP0074-21.**

On May 25, 2021, Petitioner filed, *pro se,* his second Petition for Writ of Habeas Corpus, again, in the Superior Court of Guam, challenging his conviction in CF0230-06. Pet. for Writ of Habeas Corpus (May 25, 2021). Petitioner alleged ineffective assistance of counsel because Trial Counsel failed to provide an expert witness to rebut the prosecution's DNA witness. *Id.* Petitioner simultaneously filed a Motion for Appointment of Counsel. Mot. for Appointment of Counsel (May 25, 2021). On July 26, 2021, the People filed a Motion to Dismiss the Petition for Writ of Habeas Corpus. Resp't's Mot. to Dismiss Pet. for Writ of Habeas Corpus (July 26, 2021). On November 9, 2021, the Court issued a Decision and Order denying Petitioner's Motion for Appointment of Counsel. Dec. & Order Denying Mot. for Appointment of Counsel (Nov. 9, 2021). On January 21, 2022, Petitioner filed a Response Re Decision and Order Denying Motion for Appointment of Counsel, requesting that the Court reconsider its decision and also filed and Opposition to the Motion to Dismiss. Resp. Re Dec. & Order Denying Mot. for Appointment of Counsel (Jan. 21, 2021) and Opp'n to Mot. to Dismiss Pet. for Writ of Habeas Corpus (Jan. 21, 2021).

The Court held a hearing on September 20, 2022, and granted the People's request to enlarge time to file a reply to Petitioner's Opposition to the Motion Dismiss. Min. Entry at 8:55:40 AM (Sept. 20, 2022). On October 27, 2022, Asst. PD Eggleston, of the Public Defender Service Corporation, filed on behalf of Petitioner an Entry of Appearance and Request for Status Hearing. Entry of Appearance & Request for Status Hr'g (Oct. 27, 2022). The People filed a Notice of Objection with Request for Clarification on November 9, 2022, claiming that "the Public Defender has a non-waivable personal conflict of interest" and requesting clarification of the "status" of Petitioner's representation. Notice of Obj. with

Request for Clarification, at 2 (Nov. 9, 2022). On February 16, 2023, Asst. PD Eggleston filed a Motion to Withdraw and Appoint an Alternate. Mot. to Withdraw as Counsel & for Appointment of Alternate Counsel (Feb. 16, 2023). On June 30, 2023, this Court ordered that Alternate Public Defender be appointed to Petitioner in this case. Oder Granting Appoint. of Counsel (June 30, 2023).

This matter was reassigned to the undersigned on June 5, 2023. Notice of Judge Assignment (June 5, 2023). On November 21, 2023, the present Amended Petition was filed.[3] Am. Pet. for Writ of Habeas Corpus & Mem. in Supp. Of Pet. for Writ of Habeas Corpus, filed under seal (Nov. 21, 2023). On February 29, 2024, the People filed its Answer to the Amended Petition. Answer to Am. Pet. for Writ of Habeas Corpus (Feb. 29, 2024). On March 20, 2024, Petitioner filed its Reply. Reply (Mar. 20, 2024). After hearing the Petition on April 24, 2023, this Court took the matter under advisement.

## DISCUSSION

Title 8 GCA § 135.10 sets the standard for habeas corpus relief on Guam. A petitioner for a writ of habeas corpus is entitled to such relief if he can establish that he was unlawfully imprisoned or restrained of liberty. 8 GCA § 135.10. Every application for a writ of habeas corpus shall be verified, and "shall state whether any prior application has been made for a writ in regard to the same detention or restraint complained of in the application." 8 GCA § 135.14. The note in 8 GCA § 135.14 indicates that Section 135.14 is substantively the same as former § 1475 of the California Penal Code, which states the following:

> The California section has a lengthy provision which precludes a new application
> for a writ to the same court *unless there has been a change in the facts or law.*

---

[3] After the Court appointed new counsel for Petitioner, the new counsel amended the Petition rendering the July 26, 2021 Motion to Dismiss moot.

> Although not so specifically stated, this rule is implicit in the requirement that the application contains a statement regarding prior applications.

See <em>Note</em> in 8 GCA § 135.14.

### A. Is the current writ application a 'new application filed in the same court?'

The Court answers this question in the affirmative. On January 31, 2019, Petitioner filed his first Petition for Writ of Habeas Corpus, in the Superior Court of Guam, challenging his conviction in CF0230-06. Pet. for Writ of Habeas Corpus (Jan. 31, 2019). On May 25, 2021, Petitioner filed this second Petition for Writ of Habeas Corpus, again, in the Superior Court of Guam, challenging the same conviction in CF0230-06. Pet. for Writ of Habeas Corpus (May 25, 2021). Thus, the current Writ application before this Court is a "new application for a writ to the same court," as described in the Note above. *See* Note in 8 GCA § 135.14.

### B. Is the Superior Court precluded from hearing this new Writ application given that there are no changes in the facts or law?

The Court answers this question in the affirmative as well. Petitioner argues that he was unlawfully imprisoned when he was convicted because he was represented by ineffective counsel at both the trial proceedings and his appeal. Amended Pet. for Writ of Habeas Corpus and Mem. in Support of Pet. for Writ of Habeas Corpus at 7, 10 (Nov. 21, 2023). However, Petitioner himself confirms that his second Petition "does not bring to light new, unknown facts, and is not based on a retroactive change in law." Amended Pet. for Writ of Habeas Corpus and Mem. in Support of Pet. for Writ of Habeas Corpus at 13 (Nov. 21, 2023). Respondent reiterated this in their Answer. Answer to Amended Pet. for Writ of Habeas Corpus at 16 (Feb. 29, 2024).[4] Thus, the Guam Superior Court is precluded from hearing this

---

[4] Arguing that Petitioner does not meet the elements that he himself cited in *Ignacio v. People*, which include changes in fact and changes in law.

new Writ application, because there have been no new changes in facts or law, which would trigger the exception in the Note for 8 GCA § 135.14.

## CONCLUSION AND ORDER

Based on the above analysis, the Superior Court of Guam is precluded by 8 GCA § 135.14 from hearing this matter. Therefore, the substantive merits of the Petition are now moot, and the Court **DENIES** Petitioner's second Petition for Writ of Habeas Corpus.

SO ORDERED, this ___18___ day of ___July___ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge ⋯ ⋯ ronic
copy of the orig ⋯ ⋯ ⋯ nailed to:

A6's, APD

JUL 1 8 2024
Date: _____ Time: 3 18 pm

Edna M. Nego
Deputy Clerk, Superior Court of Guam